IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARIO BECERRIL and MARIA ISABEL BECERRIL, Individually and as Husband and Wife, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. <u>04-2688 Ml/P</u> |
| vs. | ) ) | |
| PHILLIP BARTLETT and WERNER ENTERPRISES, INC. OF NEBRASKA, | ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Before the court is plaintiffs' Motion to Compel Discovery, filed June 14, 2005 (dkt #32). In their motion, plaintiff asks the court to order defendant Werner Enterprises, Inc. of Nebraska ("Werner") to respond to plaintiffs' document requests numbers 19, 21, 22, 23, 24, and 25, which requests seek Werner's financial information and other documents relating to punitive damages. On June 30, 2005, Werner filed its response in opposition. Plaintiffs filed their reply, with leave of court, on July 7, 2005. On July 19, 2005, the court held a hearing on the motion. Counsel for all interested parties were present and heard. At the conclusion of the hearing the court, ruling from the bench, GRANTED in part the

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 7/21/05

motion to compel, as follows:

Financial information relating to a defendant's net worth is relevant to determining punitive damages and may be discovered prior to trial. See Caruso v. Coleman Co., 157 F.R.D. 344, 348 (E.D. Pa. 1994)(stating that "when punitive damages are alleged, the weight of authority requires that a defendant disclose his financial condition in pretrial discovery *without* requiring a prima facie showing of punitive damages to justify the discovery"); see also North Dakota Fair Housing Council, Inc. v. Allen, 298 F.Supp.2d 897, 899-900 (D.N.D. 2004); Tyson v. Equity Title & Escrow Co., No. 00-2559, at 7 (W.D. Tenn. Mar. 28, 2003) (Order on Pending Discovery Motions)(unpublished); United States v. Matusoff Rental Co., 204 F.R.D. 396, 401 (S.D. Ohio 2001); CEH, Inc. v. FV Seafarer, 153 F.R.D. 491, 497-98 (D.R.I. 1994); Mid-Continent Cabinetry v. George Koch Sons, Inc., 130 F.R.D. 149, 151-52 (D. Kan. 1990). Although there may be situations in which punitive damages discovery may be stayed until later in the litigation, this case does not present such a situation. Under Tennessee law, a plaintiff, under certain circumstances, may be entitled to recover punitive damages against both the tortfeasor and his employer. See Anderson v. Latham Trucking Co., 728 S.W.2d 752 (Tenn. 1987); Huckeby v. Spangler, 563 S.W.2d 555 (Tenn. 1978); Odom v. Gray, 508 S.W.2d 526 (Tenn. 1974); Memphis St. Railway Co. v. Stratton, 176 S.W. 105 (Tenn. 1915); see also Coffey v. Fayette Tubular Products,

No. 01-A-01-9412, 1995 WL 458990 (Tenn. Ct. App. Aug. 4, 1995)(unpublished), rev'd on other grounds, 929 S.W.2d 326 (Tenn. 1996); Paul v. Milburn, 275 F.Supp. 105 (W.D. Tenn. 1967). Although Werner argues that, under the facts of this case, the plaintiffs should not be entitled as a matter of law to recover punitive damages against Werner – an argument which Werner has also raised in its recently filed Motion for Partial Summary Judgment – the court concludes that the plaintiffs have demonstrated a sufficient legal basis to proceed with discovery on punitive damages.

Within thirty (30) days from the date of this order, Werner shall produce to the plaintiffs documents responsive to document request numbers 19 and 23, and to request numbers 21 and 22 as modified. See Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901-02 (Tenn. 1992)(identifying at least nine factors that the factfinder must consider, to the extent relevant, in determining the amount of punitive damages to award). Regarding request numbers 21 and 25, these requests ask for documents relating to Werner's "financial condition" and "financial affairs," which is overly broad and vague. Therefore, in responding to requests 21, Werner shall produce only its financial statements for the past three years. Werner need not respond to request number 25, as that request seeks the same information from Werner as request number 21.

Regarding request number 22, the request is hereby modified to

require production of documents which reflect whether Werner has been subjected to previous punitive damage awards over the past ten years and which awards were imposed in motor vehicle accident cases.

Regarding request number 24, Werner need not respond to that request, since Werner did not profit from the conduct at issue in the lawsuit, and thus Werner's net profits are not relevant to the issue of punitive damages.

Finally, any commercially sensitive or confidential documents may be produced subject to a protective order agreed upon between the parties.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

July 20, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:04-CV-02688 was distributed by fax, mail, or direct printing on July 21, 2005 to the parties listed.

---

Effie Vanzola Bean
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Stephen C. Barton
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main Street
Memphis, TN 38103

Carl Wyatt
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

David Curry Riley
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Barry J. McWhirter
MCWHIRTER WYATT BRANNON & ELDER
73 Union Ave.
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT